NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUEVARA ZELAYA : | |
| Petitioner, : | Civil Action No. 12-3213 (JAP) |
| v. : | **OPINION** |
| UNITED STATES OF AMERICA : | |
| Respondent. : | |

**PISANO, District Judge:**

This matter is before the Court pursuant to a Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Guevara Zelaya ("Guevara"). Petitioner challenges his 2009 conviction in the District Court for the District of New Jersey, alleging ineffective assistance of counsel, and asserting that his plea agreement was not knowingly and intelligently made. On May 21, 2012, Guevara filed a Motion for Appointment of Counsel and a Motion for Evidentiary Hearing. For the reasons set forth below, the Motion for Appointment of Counsel and Motion for Evidentiary Hearing will be denied, and the Court will dismiss the petition because it finds no merit to Petitioner's allegations of ineffective assistance of counsel and that he did not knowingly and intelligently enter into his plea agreement.

**Background**

Guevara is a citizen of Honduras and first came to the United States in 1994. From 1996 to 2009 Guevara was arrested in the United States twenty times for receiving stolen property, hindering apprehension, resisting arrest, trespassing, obstruction of justice, bail jumping,

domestic violence, child molestation, assault and drug related offenses.  As a result of these charges he acquired a criminal history category of VI.

On March 12, 2004, Guevara was convicted in the New Jersey Superior Court for possession of Cocaine with the intent to dispense or distribute within 1,000 feet of a school and sentenced him to four years imprisonment. The offense was an aggravated felony. In 2006 he was deported to Honduras.

At some point after being deported in 2006, Guevara reentered the United States. In October 2009, Guevara was arrested for a traffic violation in Jersey City, New Jersey. He was later charged on a federal indictment by the United States Government for the crime of illegal re-entry because he had not obtained the consent of U.S. Attorney to reenter the United States, in violation of 18 U.S.C. 1326 (a) and (b)(2).

In November 2009, Assistant Federal Public Defender Kevin Carlucci was appointed to represent Guevara on the charge of illegal re-entry. The Government offered the Petitioner a written offer to plead guilty to the crime of illegal re-entry with an offense level of 21 with no ability to argue for a downward variance or departure.  In response to the Government's plea offer, Mr. Carlucci asked the Government to make a plea offer that contained stipulations of fact, which would allow him to argue for a downward variance or departure.  The Government agreed to Mr. Carlucci's counteroffer to make a fact-stipulated plea agreement. Mr. Carlucci then met with the Petitioner at the Essex County Jail and twice at Monmouth County jail to discuss and explain both plea agreements (the fact-stipulated plea agreement and the fully-stipulated plea agreement).  Neither agreement specifically stated anything about a time served sentence or being deported.  Guevara ultimately ended up accepting the fact stipulated plea agreement.

Mr. Carlucci advised Guevara that his sentence would most likely be 77 to 96 months based on his current crime and criminal history. Mr. Carlucci stated that he made no promises to Guevara that he would receive any specific sentence. Mr. Carlucci filed a sentencing memorandum arguing that Guevara deserved a variance application plea agreement.

At sentencing in May 2011, the presiding Judge Garrett Brown reiterated what Mr. Carlucci had told Guevara, that the sentence to be imposed on Guevara was within the sole discretion of the sentencing judge, and that the plea agreement did not bind the sentencing judge. Judge Brown then informed Guevara that the sentencing guidelines ranged from 77 to 96 months. Ultimately, Judge Brown sentenced Guevara to 77 months.

Thereafter, Mr. Carlucci filed a notice of appeal on Petitioner's behalf, which argued that the court did not properly weigh the Petitioner's admittance of guilt and the reasons why he returned to the United States, and that the sentence was too harsh for the crime committed. The Third Circuit affirmed the judgment of the lower court and stated that Judge Brown's sentence met the sentencing guidelines and the court did not see any abuse that would warrant a reversal of the lower court's sentence.

On May 30, 2012, the Petitioner filed this Habeas Corpus Petition, claiming that when Mr. Carlucci informed him of a potential plea agreement that he had negotiated with the U.S. Attorney, he told Guevara that if he pled guilty he would receive a sentence of time served and be deported.[1] Therefore, Guevara claims that Mr. Carlucci was constitutionally ineffective because counsel failed to bargain with the Government to his satisfaction and broke off communication with Guevara to his detriment at the close of his sentencing. Additionally, Guevara claims he did not knowingly and intelligently enter into his plea agreement because Mr.

---

[1] The Government submitted a sworn affidavit of Mr. Carlucci who denies ever having discussed with Guevara a plea agreement made with the U.S. Attorney promising a time served sentence.

Carlucci had promised him a time served plea agreement. The Petitioner is seeking specific performance to enforce the terms of the time served plea agreement that he believed he was accepting at the time of his plea of guilty and to be deported.

**Motion for Evidentiary Hearing**

Guevara filed this Motion for Evidentiary Hearing. A motion for an evidentiary hearing may only be granted if the defendant's counsel caused him to be prejudiced. United States v. McCoy, 410 3d Cir. 124 (2005). Therefore, the Court will evaluate the substance of Guevara's petition to conclude whether the Petitioner was indeed prejudiced by his counsel.

**Motion for Appointment of Counsel**

Guevara was represented by counsel in his initial hearing and sentencing and has now moved for Appointment of Counsel. He alleges that he is seeking new counsel because his original counsel, Mr. Carlucci, provided ineffective counsel and thus, the Petitioner was prejudiced in the proceedings. The court will only grant a Motion for Appointment of Counsel if it is satisfied the action is not frivolous or malicious. Tabron v. Grace, 6 F.3d 3d Cir. 147 (1993). Here, Petitioner alleges that he should have received a time served sentence and been immediately deported. Instead he was sentenced to 77 months. Therefore, this Court will evaluate whether the Petitioner's action is frivolous.

**Analysis**

The Petitioner raises two grounds for relief in his habeas corpus petition: (1) ineffective assistance of counsel, (2) and plea was not knowingly and intelligently made.

**A. Ineffective Assistance of Counsel**

The Petitioner asserts that he received ineffective assistance of counsel because he was led to believe by his attorney that he was receiving a plea agreement that was negotiated with the

U.S. Attorney. This alleged plea agreement stipulated that if Petitioner pled guilty he would receive a time served sentence and be immediately deported. However, when Petitioner pled guilty, he received a sentence of 77 months. Thus, the Petitioner asserts that he did not knowingly or intelligently enter into the plea agreement since he only accepted the plea under the belief that he would receive no jail time.

In order to establish ineffective assistance of counsel, the petitioner must show that his counsel's representation fell below a standard of reasonableness, and because of such failure, the petitioner was prejudiced, *i.e.,* the outcome of the proceeding was affected by the counsel's inadequate representation. Strickland v. Washington, 466 U.S. 688 (1984). The burden is on the Petitioner to prove that the attorney's representation was ineffective because there is a presumption of attorney competency. Id.

Here, the fact that the Petitioner did not receive a time served sentence and get immediately deported does not demonstrate that Mr. Carlucci provided ineffective counsel. The Petitioner presents no evidence that Mr. Carlucci and the U.S. Attorney ever entered into any sort of plea agreement to that effect. Mr. Carlucci has sworn that he never promised the Petitioner a time served sentence or that he entered into any agreement regarding a time served sentence with the U.S. Attorney. In addition, we presume that Mr. Carlucci adequately explained the plea agreements that were available to Guevara and did not lead Guevara to believe that another plea agreement was being negotiated, because we presume that the attorney competently provided representation. Id. In conclusion, the Petitioner has failed to prove that he received ineffective assistance of counsel. Thus, the Court finds that it is unnecessary to hold an evidentiary hearing because the Petitioner has not proven that he had ineffective assistance of counsel.

**B. Knowingly and Intelligently Made**

Under United States v. Larkin, the Court is required to closely look at the plea bargain that the defendant entered into because when an individual enters into a plea bargain, that person is giving up their constitutional right to trial by jury. United States v. Larkin, 629 F.3d. Cir. (2010). In this case, the Petitioner clearly signed a plea agreement that did not include any mention of a time served sentence or immediate deportation. Furthermore, when Judge Brown asked the Petitioner if he had read and understood the plea agreement and if he had been promised a specific sentence, he replied under oath that he had read and understood the agreement and that he had not been promised a specific sentence. Therefore, after reviewing the plea agreement as it is required to do under Larkin, the Court finds that the Petitioner was aware of the bargain he was entering into and the Constitutional rights he was relinquishing. Thus, his argument that he did not knowingly or intelligently enter into his plea agreement is rejected.

Further, the Petitioner argues that the sentence he received was too high for the crime committed. Under Larkin, deference is given to the district court judge's sentence because the district court judge has heard and reviewed all the facts, and looked into the character and background of the individual. Id. Factors that are taken into consideration when sentencing are promoting respect for the law, proper deterrence to criminal conduct and protecting the public from future crimes by the defendant. Id. Here the Petitioner has a level 6 criminal record, which clearly demonstrates that he does not have any respect for the law of the United States or remorse for his criminal conduct. Additionally, the Petitioner's long history of criminal conduct will have made him well versed in court proceedings and plea agreements. Accordingly, the Court finds that the sentence was appropriate.

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253 (c)(1)(b), unless a circuit justice or judge issues a certificate of appealability, appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. (c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

### **Conclusion**

For the reasons set forth above, the Court dismisses the Petition for lack of evidence of ineffective assistance of counsel and for knowingly entering into the plea agreement. It further denies the Motion for an Evidentiary Hearing and Motion for Appointment of Counsel.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: July 24, 2013